**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

---

| | |
|---|---|
| SEAN MCKELVIE            ) | |
|                        ) | |
|       **Plaintiff,**     ) | |
|                        ) | |
| **v.**                      ) | Civil Action No. |
|                        ) | |
| **THE WASHINGTON UNIVERSITY** ) | |
| **d/b/a WASHINGTON UNIVERSITY IN** ) | <u>Jury Trial Demanded</u> |
| **ST. LOUIS**              ) | |
|                        ) | |
|       **Defendant.**    ) | |

---

## PLAINTIFF'S COMPLAINT

---

### PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer Sean McKelvie under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") for The Washington University d/b/a/ Washington University in St. Louis ("Washington" or "Defendant") repeated failure to furnish correct information regarding a loan acquired for the education of his daughter at Defendant's campus which has negatively impacted his credit worthiness.

2.      Plaintiff further bring this action for breach of contract under Missouri state law and violations of the Missouri Merchandising Practice Act ("MMPA").

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1681.

4.      This Court has supplemental jurisdiction to hear any state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District because the acts and transactions occurred in this District and Plaintiff resides in this District.

6. Defendant is subject to the jurisdiction of this District because Defendant regularly conducts business in this District and regularly attempts to collect debts from consumers located in this District.

**PARTIES**

7. Plaintiff Sean McKelvie ("Mr. McKelvie") is a natural person who resides in Putnam County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Washington University in St. Louis is a fictitious name for The Washington University and is a private University whose main campus is located at 1 Brookings Drive, St. Louis, Missouri.

9. Defendant is a "person" who furnishes information to credit reporting agencies such as Equifax, Experian and TransUnion as provided in the FCRA and as defined by 15 U.S.C. § 1681a(b).

**FAIR CREDIT REPORTING ACT GENERALLY**

10. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital

role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

11. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

12. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  15 U.S.C. § 1681s-2(b).

13. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive

3

damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  15 U.S.C. § 1681n.

14.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees.  15 U.S.C. § 1681o.

### FACTUAL ALLEGATIONS

15.     At some point on or about June 3, 2018 Plaintiff (and his non-party spouse) entered into Washington University's Partners in Education with Parents (PEP) loan program to obtain loans on behalf of their daughter's education.

16.     The loan at issue in this matter was for $12,634.00 at 6.50% APR and with a monthly payment due in the amount of $143.46 beginning September 1, 2018 for ten (10) years. A copy of the Annual Option Installment Agreement is attached hereto as **Exhibit 1.**

17.     Upon information and belief, the loan was assigned an account number ending in 6448.

18.     The Agreement contained a clause that if "If Borrower(s) fail to pay any installment when due for more than ten (10) days, the University may impose a late charge of $10.00." See *Id.*

19.     Plaintiff timely paid the monthly payment as due if not earlier as contemplated by the loan agreement and paid fifty cents more each month ($143.96) or more than required beginning July of 2019 through the relevant time period herein.

20.     Plaintiff, for the September 2023 payment, paid $143.96 on September 5, 2023. A copy of the relevant transaction history is attached hereto as **Exhibit 2.**

21.     For reasons unknown to Plaintiff, Defendant added a ten dollar ($10.00) late fee on September 12, 2023. See *Id.*

22.     Plaintiff, for the October 2023 payment, paid $143.96 on October 2, 2023. See *Id.*

23.     No late fee was assessed for the October payment.

24.     Plaintiff, for the November 2023 payment, paid $143.96 on November 3, 2023. See *Id.*

25.     For reasons unknown to Plaintiff, Defendant added a ten dollar ($10.00) late fee on November 12, 2023. See *Id.*

26.     From November 12, 2023 through November 12, 2024 Defendant assessed a late fee of ten dollars ($10.00) each month to the account.

27.     Mr. McKelvie filed a dispute with TransUnion and who transmitted the dispute to Washington who in response verified the debt as accurate and stated a balance owing of $5,706 as of December 19, 2024. A copy of the TransUnion dispute result is attached as **Exhibit 3.**

28.     Washington in the response also reported that the loan was current; paid or paying as agreed.  *Id.*

29.     Mr. McKelvie filed a dispute with Equifax and who transmitted the dispute to Washington who in response verified the debt as accurate and stated a balance owing of $5,950 as of December 13, 2024. A copy of the Equifax dispute result is attached as **Exhibit 4**.

30.     However, in the response, Washington additionally reported that the loan was over thirty (30) days past due with an amount past due of $114.00. despite not showing any amounts past due in the historical account information. See *Id.*

31.     Plaintiff additionally directly disputed the inaccuracies with Washington via a series of emails and telephone conversations between November 2024 and January 2025. A copy of the emails is attached hereto as **Exhibit 5** and incorporated by reference.

32.     Due to the inaccurate reporting Plaintiff suffered credit damages including but not limited to denial of a residential real estate loan by Pentagon Federal Credit Union, a working capital loan from SellersFi, and an increased amount of interest above what he would have otherwise qualified for to obtain a HELOC with Union Home Mortgage Corp.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681, *et seq.*

33.     Mr. McKelvie restates the allegations contained in the above paragraphs as if fully restated herein.

34.     Based on the allegations above, Mr. McKelvie sent or logged a Notice of Dispute to Equifax which complied with 15 U.S.C. § 1681i(a)(2) in on or about December 13, 2024 which detailed Mr. McKelvie 's specific dispute of the debt and Equifax sent to Washington.

35.     Based on the allegations above and Exhibit 4 Washington verified to Equifax that the amount owed by Mr. McKelvie was correct with a past due amount of $114.00. See Exhibit 4.

36.     At no time was Mr. McKelvie past due on payments to Washington.

37.     Washington is subject to and violated the provisions of 15 U.S.C. § 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff Mr. McKelvie's credit reports, failing to fully and properly re-investigate Mr. McKelvie's disputes, failing to review all relevant information regarding the same, and failing to request that

6

Equifax and TransUnion correct the Tradeline Accounts on his credit reports and credit file after re-investigating his disputes.

38.     The foregoing acts and omissions by Washington constitute willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

39.     Washington's continued incomplete and inaccurate reporting as demonstrated above, in light of its knowledge of the actual errors and omissions was willful and thus Plaintiff Mr. McKelvie is entitled to both statutory and punitive damages pursuant to 15 U.S.C. §1681.

40.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1), as well as costs, statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Washington.

41.     As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1), as well as reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Washington.

## COUNT II
### Breach of Contract

42.     Plaintiff restates the allegations contained in the above paragraphs as if fully restated herein.

43.     The loan was and is a contract between Plaintiff and Defendant at all relevant times to this Complaint.

7

44.     Based on the allegations above, *supra*, as of the filing of the Complaint, Plaintiff had complied or attempted to comply with all terms of the Contract and a failure to comply exists it was the fault of the Defendant.

45.     The loan, Exhibit 1, states that if "If Borrower(s) fail to pay any installment when due for more than ten (10) days, the University may impose a late charge of $10.00." See Exhibit 1.

46.     Plaintiff did not and has not ever paid an installment payment due under the loan more than ten days past its due date.

47.     Nonetheless, Defendant assessed fourteen (14) ten dollar ($10) late fees to the account between September of 2023 through November of 2024.

48.     Washington has breached the contract. This breach is one of bad faith as demonstrated by the allegations above, *supra*. Washington has failed to exercise good faith in assisting Plaintiff is correcting the late fees and Plaintiff has paid more than he otherwise should have paid had the late fees not improperly been assessed

49.     Defendant has breached the Contract and is liable to Plaintiff for actual damages of at least $140.00 plus any interest and in a total amount to be determined at trial.

## COUNT III
### Violations of the Missouri Merchandising Practices Act (MMPA)

50.     Plaintiff restates the allegations contained in the above paragraphs as if fully restated herein.

51.     The loan agreement between the parties (Exhibit 1) states: **GOVERNING LAW -** This contract shall be governed by and construed in accordance with the laws of the State of Missouri. *See* Exhibit 1.

52.     Plaintiff is a "Person" as that term is defined by MO Rev Stat § 407.010(5).

53. Defendant is a "Person" as that term is defined by MO Rev Stat § 407.010(5).

54. The loan between Plaintiff and Defendant is "Merchandise" as that term is defined by MO Rev Stat § 407.010(4). See *Huffman v. Credit Union of Texas*, 2011 WL 5008309, at *5 (W.D. Mo. 2011); see also *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410 (Mo. 2014).

55. The Missouri Supreme Court has held that a party's right to collect a loan is part of the credit transaction and is therefore "in connection with" the loan. *Conway v. Citimortgage, Inc.*, 438 S.W.3d 410 (Mo. 2014).

56. MO Rev Stat § 407.020 provides that: The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice.

57. Defendant is not subject to the exemptions from the Missouri Merchandising Practices Act (MMPA) set forth in MO Rev Stat § 407.020.

58. MO Rev Stat § 407.025 provides that: Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages.

59. MO Rev Stat § 407.025 further allows for the award in the Court's discretion of punitive damages and/or attorney's fees.

60.     The acts and omissions as alleged *supra* constitute a violation of MO Rev Stat § 407.020.

**WHEREFORE**, Plaintiff Sean McKelvie respectfully requests that this Court enter an Order granting Judgment in his favor against Defendant The Washington University d/b/a/ Washington University in St. Louis as follows:

A.      For an award of actual and statutory damages to Plaintiff in a total amount to be determined at trial against Defendant for the allegations contained in Count One;

B.      For an award of actual damages to Plaintiff in a total amount to be determined at trial against Defendant for the allegations contained in Count Two;

C.      For an award of actual and punitive damages to in a total amount to be determined at trial against Defendant for the allegations contained in Count Three;

D.      For an award of Plaintiff's reasonable attorney's fees and costs, as applicable, pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), and/or MO Rev Stat § 407.025 against Defendant for the allegations in Counts One, and Three as applicable.

E.      For all other relief that this Court deems just and proper.

Respectfully Submitted,

*/s/ Brian D. Flick*
Brian D. Flick (OH 0081605)
Brent S. Snyder (TN 021700)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
bflick@dannlaw.com
*Attorneys for Plaintiff Sean McKelvie*

## JURY DEMAND

Plaintiff Sean McKelvie hereby respectfully demands a trial by jury on all such claims that may be so tried.

> /s /Brian D. Flick
> Brian D. Flick (OH 0081605)
> Brent S. Snyder (TN 021700)
> DannLaw
> *Attorneys for Plaintiff Sean McKelvie*